# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEANGELO LAMONT MITCHELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69542



FILED

FEB 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING IN PART AND AFFIRMING IN PART

This appeal challenges the denial of petitions for writs of habeas corpus filed on July 8, 2015, and September 30, 2015. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. We dismiss as to the July 8 petition and affirm as to the September 30 petition.

Appellant Deangelo Mitchell was convicted of numerous felony offenses, including two counts of first-degree murder with use of a deadly weapon, after he participated in the robbery and murder of an elderly couple. He was sentenced to 35-156 months' incarceration on one of the felony counts, two consecutive terms of life imprisonment with the possibly of parole in 20 years on one of the murder counts, and other concurrent sentences. This court affirmed his judgment and sentence on appeal, *Mitchell v. State*, Docket No. 37531 (Order of Affirmance, July 10, 2002), and remittitur issued on August 22, 2002. Mitchell has since filed several postconviction petitions for writs of habeas corpus, *e.g.*, *Mitchell v. State*, Docket No. 42638 (Order of Affirmance, March 27, 2006), and other requests for relief from his judgment of conviction, *e.g.*, *Mitchell v. State*, Docket No. 62069 (Order of Affirmance, May 14, 2013).

17-05741

On July 8, 2015, Mitchell filed a habeas petition in the Sixth Judicial District Court. The petition was transferred to the Eighth Judicial District Court on January 27, 2016. Our review of the record on appeal indicates that when Mitchell filed the notice of appeal on May 9, 2016, purporting to appeal from a decision on the petition transferred to the Eighth Judicial District, the district court had not pronounced a decision, either oral or written, on that petition. We therefore dismiss that portion of the appeal.

On September 30, 2015, Mitchell filed another habeas petition in the Eighth Judicial District Court. The district court entered an order denying that petition on February 9, 2016, concluding that it was procedurally barred. Although we agree with Mitchell that the district court erred by relying on the procedural bars because the petition challenged the legality of his confinement under NRS 34.360, we nevertheless conclude that the district court reached the correct result when it denied this petition.

Mitchell argues that he should have an opportunity for parole pursuant to NRS 213.12135(1)(a) because he did not directly cause the death of either victim. For support, Mitchell relies on *Graham v. Florida*, 560 U.S. 48, 75 (2010) (holding that the Eighth Amendment forbids a sentence of life without the possibility of parole for juveniles who commit nonhomicide offenses), and *Miller v. Alabama*, ___ U.S. ___, ___ 132 S. Ct. 2455, 2469 (2012) (holding that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juveniles).

Mitchell's arguments are unavailing for two reasons. First, NRS 213.12135(1)(a) clearly does not apply to him. In plain and

unambiguous terms, the statute says that it applies to "a prisoner who is serving a period of incarceration for having been convicted of an offense or offenses that *did not* result in the death of a victim." NRS 213.12135(1)(a) (emphasis added). Mitchell, however, was convicted of offenses (first-degree murder) that *did* result in the death of two people.[1] Second, Mitchell was not subjected to a mandatory life-without-parole sentence; rather, he received a sentence that provides for parole eligibility after roughly 43 years. Neither *Graham* nor *Miller* establish a right to an earlier opportunity for parole. Accordingly, we affirm the district court order denying the petition filed on September 30, 2015.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Elissa F. Cadish, District Judge
Deangelo Lamont Mitchell
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]We reject Mitchell's equal protection challenge to NRS 213.12135. We also note that NRS 213.12135(1)(b), which provides for parole eligibility for prisoners convicted of a homicide offense committed as a juvenile, also does not apply here because Mitchell was convicted of offenses that resulted in the death of more than one person.